UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Glenn L. Beane

　　　v.                                    Civil No. 08-cv-236-JL

Alan F. Beane


**PROCEDURAL ORDER**

Plaintiff Glenn L. Beane has moved for voluntary dismissal of count 1 of his amended complaint without prejudice.  See Fed. R. Civ. P. 41(a)(2).  That count is styled as a claim for equitable relief under the Employee Retirement Income Security Act ("ERISA"), specifically 29 U.S.C. § 1132(a)(3)(B)(ii), to enforce certain obligations under an employee benefit plan created by two now-defunct companies Glenn created with defendant Alan F. Beane, Materials Innovation, Inc. and Mii Technologies, LLC.  Glenn also seeks, among other relief under state law, a declaration that both his membership in Mii and its existence ceased as of February 2004.

Alan objects to the voluntary dismissal of Glenn's ERISA claim on the grounds that it would deprive this court of subject-matter jurisdiction and therefore cost Alan the opportunity to litigate his counterclaims against Glenn in this forum.  See Fed. R. Civ. P. 41(a)(2).  Alan argues in the alternative that, if Glenn is permitted to voluntarily dismiss the ERISA claim without

prejudice, he should be required to pay the expenses Alan has incurred in defending against it so far, including attorneys' fees, and to withdraw with prejudice a similar claim Glenn has filed in Alan's pending bankruptcy case, In re Alan F. Beane, No. 06-5723 (M.D. Fla. Oct. 19, 2006).

Alan has also separately moved to modify the stay this court has imposed over this action due to another pending lawsuit between Glenn and Mii in Grafton County Superior Court, in which "Glenn brought claims against Mii resulting from the collapse of Materials and Mii." Beane v. Mii Techs., LLC, No. 2008-C-079, slip op. at 2 (N.H. Super. Ct. July 9, 2009). That action has since ended with the entry of judgment in Mii's favor on all of Glenn's claims, see id. at 2-8, though Glenn has appealed that decision to the New Hampshire Supreme Court, Beane v. Mii Techs., LLC, No. 2009-0562 (N.H. Aug. 24, 2009). Alan seeks to modify the stay to move for summary judgment in his favor on Glenn's ERISA claim, as well as on Alan's counterclaim against Glenn for "wrongful disassociation," which alleges that Glenn withdrew from Mii in violation of the absolute prohibition on voluntary withdrawal set forth in the limited liability company agreement.

The court had previously expressed the same concerns as Alan about its subject-matter jurisdiction in the absence of Glenn's ERISA claim. Glenn says that the court has diversity

2

jurisdiction, because he is a citizen of New Hampshire, Alan is a citizen of Florida, and the amount in controversy exceeds $75,000, arguing that Mii (which has not been named as a defendant) is not an indispensable party to Glenn's claims for declaratory relief.  But that proposition is not free from doubt, particularly in light of Glenn's request for a declaration that Mii ceased to exist as of a date certain, see, e.g., Odom v. Posey, No. 09-3532, 2009 WL 2356865, at *5 (E.D. La. July 27, 2009), though there is authority to the contrary, see, e.g., Polak v. Kobayashi, No. 05-330, 2005 WL 2008306, at *3 (D. Del. Aug. 22, 2005).  In any event, neither Glenn nor Alan has addressed whether Mii is an indispensable (or even a necessary party) according to the factors set forth in Rule 19.[1]

Glenn's argument for diversity jurisdiction also depends on his view that Mii has New Hampshire citizenship as "a New Hampshire LLC."  An LLC, however, does not have the citizenship of its state of its formation, but the citizenship of each of its members.  See Pramco, LLC ex rel. CFSC Consortium, LLC v. San

---

[1]In addition, Glenn has framed the indispensability issue as entirely dependent on whether his claims against Alan are in essence derivative claims belonging to Mii.  If the claims were derivative, then Mii would likely be an indispensable party; in the court's view, though, the more relevant theory of indispensability is that Glenn seeks relief that would result in Mii's dissolution effective February 2004.

<u>Juan Bay Marina, Inc.</u>, 435 F.3d 51, 54-55 (1st Cir. 2006).  And the identity of Mii's members is a disputed issue:  Glenn claims that his membership terminated upon his resignation in February 2006, while Alan's position seems to be that the voluntary resignation was void such that Alan remains a member.  So, if Glenn indeed remains a member of Mii, and if Mii is indeed an indispensable party, that puts a New Hampshire citizen on both sides of the lawsuit and destroys diversity jurisdiction.  Assuming that Mii is indispensable, then, the question of diversity jurisdiction is bound up in the merits of several of the claims and counterclaims here, <u>viz.</u>, Glenn's claim for a declaration that his membership in Mii ceased upon his voluntary withdrawal, and Alan's counterclaim that Glenn's withdrawal amounted to wrongful disassociation.  In other words, the court cannot decide its jurisdiction to hear this case without deciding the case itself, or at least a major part of it.

In situations where jurisdictional facts "are inextricably intertwined with the merits of the case," a "court may defer resolution of the jurisdictional issue until the time of trial" or summary judgment.  <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 363 & n.3 (1st Cir. 2001).  Although, at first blush, using that approach here would seem to threaten a colossal waste of time and resources--if it is determined that Glenn remained a

member of Mii, the result would be a dismissal of the case for
lack of subject-matter jurisdiction (assuming, again, that Mii is
indispensable)--the dismissal would nevertheless bind the parties
as to that issue.  "Dismissal for lack of subject matter
jurisdiction precludes relitigation of issues determined in
ruling on the jurisdictional question."  Muniz Cortes v.
Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000).  Such a
dismissal would, however, leave the parties free to litigate all
other issues, as well as other claims that do not rise or fall on
Glenn's status as a member, because the dismissal would have no
res judicata, as opposed to collateral estoppel, effect.  See id.

     While the court wants to accommodate Alan's wishes that it
hear this case as expeditiously as possible, it also wants to
spare itself and the parties the risk of expending time and
resources without obtaining a full and final resolution of their
dispute.  Accordingly, the court will hold a status conference in
chambers, followed by a session on the record in open court if
necessary, to address the following issues:

    1.   the dismissal of Glenn's ERISA claim.  The parties
         have addressed that issue to some extent in
         Glenn's motion for voluntary dismissal and Alan's
         objection, but the court is concerned that, as a
         result of the actions of Summit Financial
         described in the motion, the ERISA claim is or

will shortly become moot and should therefore be
dismissed on that basis[2];

2.     whether Mii is a necessary and indispensable
       defendant to Glenn's claim for declaratory relief,
       with reference to the factors set forth in Rule
       19, as well as any relevant caselaw or other
       authority[3];

3.     whether, assuming Mii is a necessary and
       indispensable party to Glenn's claim for
       declaratory relief, Glenn, Alan, and Mii wish to
       proceed in this forum to resolve the issue of
       Glenn's membership in Mii and, if so, how to reach
       that resolution most fairly and efficiently, and
       with due regard to Alan's demand for trial by jury
       on his counterclaims; and

4.     whether the judgment of the Grafton County
       Superior Court, if affirmed by the New Hampshire
       Supreme Court, will have any res judicata or
       collateral estoppel effect on the issue of Glenn's
       membership in Mii or Alan's wrongful
       disassociation claim.

_____

[2]Conversely, Glenn's stated concern about possible
"exposure" to government agencies overseeing the plan, or to its
participants, would not appear to make out a claim ripe for
adjudication at the moment.

[3]It appears that Mii is the real party in interest to a
number of Alan's counterclaims, as Chief Judge McAuliffe ruled in
dismissing Alan's previous suit in this forum, which asserted
those counterclaims as claims against Glenn, for lack of subject-
matter jurisdiction. Beane v. Beane, 2008 DNH 082, 14-16. In
fact, as just discussed, that ruling appears to collaterally
estop Alan from arguing to the contrary. Adding Mii as
plaintiff-in-counterclaim, however, would not affect the
jurisdictional question because this court can exercise
supplemental jurisdiction over those counterclaims under 28
U.S.C. § 1367(a) (assuming there is subject-matter jurisdiction
over Alan's claims). See, e.g., Kyle v. Fidéle Tremblay, Inc.,
2008 DNH 201, 2.

Given the prolixity and tone of many of the parties' filings so far, the court does not believe that written submissions on these point would be a particularly efficient use of resources, but, depending on what happens during the conference, the court may request briefing on one or more particular issues.

The clerk will contact counsel forthwith to schedule the conference at a mutually agreeable date and time.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 5, 2010

cc:  W.E. Whittington, Esq.
     William S. Gannon, Esq.

7