UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Glenn L. Beane

    v.                       Civil No. 08-cv-236-JL

Alan F. Beane

### PROCEDURAL ORDER

On March 13, 2010, the court held an in-chambers status conference with counsel in this action to address the matters set forth in a prior procedural order (document no. 69). As a result of counsel's representations at that conference, the court makes the following rulings:

1. **Motion to modify stay denied as moot, stay lifted**. The court's stay of this action (document no. 59) is lifted in light of the limited preclusive effect, if any, of the Grafton County Superior Court's decision in Beane v. Mii Techs., LLC, No. 2008-C-079 (N.H. Super. Ct. July 9, 2009), appeal docketed, No. 2009-0562 (N.H. Aug. 24, 2009), except as to count 5 of Glenn's amended complaint, which seeks relief for certain allegedly fraudulent transfers that at one point were a subject of the Superior Court action. Nothing in this order shall prevent any party from making, or the court from considering, res judicata or collateral estoppel arguments based on the Superior Court's judgment, if it is affirmed in whole or in part on appeal.

Because the stay is largely lifted, Glenn's motion for an order modifying the stay (document no. 64) is denied as moot.

    2.   **Diversity**.  Mii Technologies, Inc. is not a necessary party-defendant to Glenn's claims against Alan.  At the time Glenn says his membership in Mii ceased, it had no other members besides Alan, and has not had any other members since.  (In fact, Mii was administratively dissolved by the New Hampshire Secretary of State in 2007.)  So only Glenn and Alan--both of whom are already before the court--have any interest in whether Glenn remained a member of Mii, and whether its existence as a limited liability company continued, after February 4, 2004.  It follows that no person aside from Glenn and Alan has an interest in Mii which could be practically impaired by the declaratory and equitable relief Glenn seeks, and that the court can grant that relief effectively through a decree binding Glenn and Alan, without the need to join Mii as a party.  Mii is not a necessary party-defendant to Glenn's claims and therefore not an indispensable one.  See Fed. R. Civ. P. (a)(1), (b); Polak v. Kobayashi, No. 05-330, 2005 WL 2008306, at *3 (D. Del. Aug. 22, 2005); Wright v. Herman, 230 F.R.D. 1, 6-7 (D.D.C. 2005).  The court therefore has diversity jurisdiction without regard to Mii's membership.

3. **Mii's status**.  Mii, however, shall be added as a plaintiff-in-counterclaim, because most if not all of the counterclaims asserted by Alan actually belong to Mii, as this court has previously ruled.  Beane v. Beane, 2008 DNH 082, 14-16 (McAuliffe, C.J.).  Joining Mii in that capacity will have no effect on the court's subject-matter jurisdiction, because it may exercise supplemental jurisdiction over the counterclaims without regard to the diversity of Mii.  28 U.S.C. §§ 1367(a), (b); Kyle v. Fidéle Tremblay, Inc., 2008 DNH 201, 2.

4. **Count I dismissed as moot and unripe**.  Count 1 of Glenn's amended complaint, seeking equitable relief under the Employee Retirement Security Act, specifically 29 U.S.C. § 1132(a)(3)(B)(ii), is dismissed as moot in part and otherwise unripe.  Based on the representations in Glenn's motion for voluntary dismissal, the relief he sought from Alan has been or will shortly be provided through the actions of a third party, Summit Financial.  And insofar as Glenn seeks indemnification from Alan for any potential liability connected to the employee benefit plans, that liability is too speculative at this point to support a claim that is ripe for adjudication, as Glenn conceded at the conference.  Because the court lacks subject-matter jurisdiction over count 1 as moot and unripe, the count is

dismissed on that basis, and Glenn's motion for voluntary dismissal (document no. 67) is denied as moot.

5. **Count 2--partial judgment for Glenn, partial dismissal for mootness.** By Alan's agreement at the status conference, judgment is granted for Glenn on count 2 of his amended complaint insofar as it seeks a declaration that he ceased being a member of Mii as of February 4, 2004. As a result of that declaration, Glenn's requests for further declarations in count 2 are either moot, viz., his request to declare "improper" various tax filings describing him as a member of Mii after that date, or he lacks standing to bring them, viz., his requests to declare that Mii's "limited liability/partnership status terminated as of" that date and that Alan's membership in Mii subsequently terminated. Glenn's claim for that relief is therefore dismissed for lack of standing and mootness.

6. **Counts 3 and 4 dismissed.** For the same reason, Glenn also lacks standing to bring counts 3 and 4 of his amended complaint which seek, respectively, the judicial dissolution of Mii and an accounting and distribution of Mii's profits after the date Glenn's membership terminated, as an alternative to the relief sought in count 2. Counts 3 and 4 are dismissed for lack of standing.

7. **Summary judgment motions on Count 1 and 2 denied as moot.** Given the disposition of counts 1-2 of Glenn's amended complaint, the parties' cross-motions for summary judgment on those counts (document nos. 17, 35), which were denied without prejudice following entry of the stay, are reinstated and denied as moot.

8. **Motion to substitute reinstated.** Glenn's motion to substitute himself as the plaintiff-in-counterclaim and to dismiss the counterclaims (document no. 42), which had been denied without prejudice following entry of the stay, is reinstated, together with the objection, reply, and surreply, and shall be decided by the court in the ordinary course without the need for further action by the parties.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 22, 2010

cc: W.E. Whittington, Esq.
    William S. Gannon, Esq.